# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BLUEFIELD

**VINCENT MICHAEL MARINO,**

    **Petitioner,**

v.                                        Case No. 1:13-cv-32690

**BART MASTERS, Warden,**
**FCI McDowell,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). The petitioner also filed a Memorandum of Law (ECF No. 2). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's section 2241 petition (ECF No. 1) and **DISMISS** this matter from the docket of the court.

## BACKGROUND AND PETITIONER'S CLAIMS

**A.**    **The petitioner's conviction and direct appeal.**

On December 22, 1999, the petitioner was found guilty by a jury in the United States District Court for the District of Massachusetts on one count of racketeering activity in violation of 18 U.S.C. §§ 2 and 1962(c) (Count 1); one count of RICO conspiracy

in violation of 18 U.S.C. § 1962(d) (Count 2); and conspiracy to murder 13 individuals in aid of racketeering in violation of 18 U.S.C. § 1959 (Count 3). *United States v. Marino*, Case No. 4:97-cr-40009 (D. Mass. April 13, 2000). On April 13, 2000, the petitioner was sentenced to 420 months of imprisonment, to be followed by a three-year term of supervised release. *Id.*

The petitioner's conviction and sentence were affirmed by the United States Court of Appeals for the First Circuit on January 14, 2002. *United States v. Marino*, 277 F.3d 11 (1st Cir. 2002). The petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on June 24, 2002. *Marino v. United States*, 536 U.S. 948 (2002). Accordingly, on that date, the petitioner's judgment became final.

### B. The petitioner's section 2255 motion.

On June 30, 2003, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for District of Massachusetts. *Marino v. United States*, Case No. 1:03-cv-11657, ECF No. 1. As grounds for relief, the petitioner alleged ineffective assistance of counsel, prosecutorial misconduct, double jeopardy, and the withholding of exculpatory evidence. *Id.* On August 29, 2005, the Massachusetts District Court denied the petitioner's section 2255 motion as untimely. *Id.*, ECF No. 23. The petitioner unsuccessfully appealed the denial of his section 2255 motion. *Id.*, ECF No. 34.

### C. The petitioner's prior section 2241 petitions.

On October 9 and 11, 2007, the petitioner filed two petitions requesting relief under 28 U.S.C. § 2241 in the United States District Court for the Eastern District of New York. *Marino v. United States,* Case No. 1:07-cv-12069, ECF No. 1; *Marino v. United States*, Case No. 1:07-12070, ECF No. 1. By Transfer Orders entered on October 25, 2007, the

Eastern District of New York construed Petitioner's section 2241 petitions as section 2255 motions and transferred the cases to the District of Massachusetts. (*Id.*, ECF No. 4). By Memorandum Opinion and Orders entered on December 14, 2007, the Massachusetts District Court dismissed the petitioner's successive section 2255 motions. (*Id.*, ECF No. 6).

On October 11, 2011, the petitioner filed another section 2241 petition in the United States District Court for the District of Columbia. *Marino v.* Martinez, case No. 1:11-cv-1807, ECF No. 1. In that petition, he alleged that he is actually innocent of his criminal convictions based upon "due process violations, governmental interference, and egregious gross governmental misconduct." *Id.* The petitioner asserted that he is innocent of Counts 1 and 2 because he was not proven guilty beyond a reasonable doubt, and that the government improperly withheld exculpatory evidence and presented false testimony. *Id.* The petitioner further asserted that his trial counsel was ineffective. By Order entered on February 14, 2012, the District Court for the District of Columbia transferred that section 2241 petition to this District because the petitioner was incarcerated at FCI McDowell. *Id.*, ECF No. 4. The case was assigned Case No. 1:12-cv-00394.[1]

On October 27, 2014, without objection from the petitioner, the presiding District Judge adopted the Proposed Findings and Recommendation of United States Magistrate Judge R. Clarke VanDervort, finding that the above-referenced section 2241 petition should be dismissed because the petitioner had not demonstrated that section 2255 was

---

[1] The petitioner filed another section 2241 petition in the United States District Court for the District of Columbia, *Marino v. Schult*, Case No. 1:11-cv-01877, which was also transferred to this District and assigned Case No. 1:12-cv-00393 (and Bart Masters was substituted as the respondent). That petition concerned a disciplinary action at FCI Ray Brook, New York, which has no bearing on the instant proceeding.

3

inadequate or ineffective in order to enable the petitioner to pursue relief under section 2241 in this District Court on what was otherwise an unauthorized second or successive section 2255 motion. *Id.*, ECF No. 7.

### D. The petitioner's present section 2241 petition.

The petitioner filed the instant section 2241 petition (ECF No. 1) and Memorandum in support (ECF No. 2) in this court on December 19, 2013. The petitioner's petition asserts that he is actually innocent of his convictions under 18 U.S.C. §§ 1962(c) and (d) because the government used conduct alleged in a prior dismissed count as a predicate act to prove a "pattern of racketeering activity" (as defined in 18 U.S.C. § 1951(5)). The petitioner further contends that the Massachusetts District Court improperly permitted the government to place the dismissed count on the verdict form. The petitioner contends that these actions resulted in him being sentenced to an extra 30 years of imprisonment.

On October 17, 2014, the undersigned issued an Order to Show Cause (ECF No. 7), directing the respondent to file a response to the section 2241 petition. On December 12, 2014, the respondent filed a Response addressing both whether the petitioner's claims are cognizable under section 2241 and the merits of the claims.[2] (ECF No. 12). On January 5, 2015, the petitioner filed a Reply. (ECF No. 13). He thereafter filed an Affidavit (ECF No. 14) and another Memorandum in Support (ECF No. 15).[3] This matter is ripe for adjudication.

---

[2] Because the undersigned believes that the petitioner's claims are not cognizable under section 2241, the undersigned further finds that an analysis of the merits of the petitioner's claims by this court is inappropriate and unnecessary.

[3] The petitioner also filed several other motions, including a Motion for Leave to File a Supplement (ECF No. 18) in which he offers what he deems to be undisputed facts in support of his arguments that the government improperly attempted to prove a predicate act under 18 U.S.C. §§ 1961(5) and 1962(c) and (d),

## ANALYSIS

All of the petitioner's claims challenge the validity of his convictions and sentence, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the District of Massachusetts. While, normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court, because the petitioner already unsuccessfully filed a section 2255 motion in the District of Massachusetts and, apparently, has not received authorization from the United States Court of Appeals for the First Circuit to file a second or successive section 2255 motion, to the extent that the instant petition may be construed as a section 2255 motion, it would be futile to transfer it to the District of Massachusetts because it would be procedurally barred.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not

---

and a Motion for Bail and Summary Disposition (ECF No. 26). The undersigned will address these other motions in a separate Order.

5

> be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

The petitioner contends that he is "actually innocent" of violating 18 U.S.C. §§ 1962(c) and (d) because the government failed to properly prove "a pattern of racketeering activity" and that his convictions and sentence resulted in a miscarriage of justice. In order to raise a claim of "actual innocence" under section 2241, the petitioner must first establish that he is entitled to review under section 2241 by meeting the *Jones* requirements, which he is unable to do.

The petitioner is not asserting that there has been an intervening change in substantive law that has established his actual innocence of the underlying conviction;

6

rather, he merely asserts claims similar to those made in his direct appeal and post-conviction motions contending that the government improperly used a previously dismissed count to establish a pattern of racketeering activity; claims which are now procedurally barred. As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. The petitioner's claims should be addressed, if at all, in a section 2255 motion filed in the court of conviction. However, the petitioner has already pursued relief under section 2255 in the court where he was convicted and, at present, he has not received authorization from the United States Court of Appeals for the First Circuit to file a second or successive section 2255 motion. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition and his related motions.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules

1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Senior District Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

March 17, 2016

Dwane L. Tinsley
United States Magistrate Judge