IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

VINCENT MICHAEL MARINO,

    Petitioner,

v.                                      Civil Action No: 1:13-32690

BART MASTERS, Warden,
FCI McDowell,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is petitioner's petition for a writ of habeas corpus. (Doc. No. 1). By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). Magistrate Judge Tinsley submitted to the court his Proposed Findings and Recommendation on March 17, 2016, in which he recommended that the district court deny petitioner's petition for a writ of habeas corpus and remove this matter from the court's docket. (Doc. No. 27 at 7).

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. Petitioner filed a motion for an

extension of time to reply to the PF&R, (Doc. No. 29),[1] and filed his objections on April 6, 2016. (Doc. Nos. 30, 31).

## I. Background

On December 22, 1999, petitioner was convicted in the United States District Court for the District of Massachusetts on one count of racketeering activity in violation of 18 U.S.C. §§ 2 and 1962(c), (Count 1); one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d), (Count 2); and one count of conspiracy to murder thirteen individuals in aid of racketeering in violation of 18 U.S.C. § 1959, (Count 3). United States v. Marino, 277 F.3d 11, 18 (1st Cir. 2002). The United States Court of Appeals for the First Circuit affirmed petitioner's convictions and the Supreme Court of the United States denied petitioner a writ of certiorari. Id. at 39; Marino v. United States, 536 U.S. 948 (2002).

Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on June 30, 2003 in the United States District Court for the District of Massachusetts. Marino v. United States, Case No. 1:03-cv-11657, Doc. No. 1. The district court denied petitioner's § 2255 motion and the First Circuit affirmed. Id. at Doc. Nos. 23, 34.

---

[1] For good cause shown, petitioner's motion for an extension to file his objections to the PF&R, (Doc. No. 29), is **GRANTED**.

Additionally, petitioner has filed a number of petitions under § 2241 seeking habeas relief, including petitions in the Eastern District of New York, the District of Columbia, the Western District of Oklahoma, the Western District of Louisiana, as well as the instant petition filed in this district. <u>Marino v. United States</u>, Case Nos. 1:07-cv-12069 and 1:07-cv-12070, Doc. No. 1 (transferred to D. Mass as successive § 2255); <u>Marino v. Martinez</u>, Case No. 1:11-cv-1807, Doc. No. 1 (transferred to S.D.W. Va.); <u>Marino v. Kastner et al.</u>, 2010 WL 3522455, No. CIV-10-664-R, (W.D. Okla. Sept. 8, 2010); <u>Marino v. Sherrod et al.</u>, 2012 WL 266855, Civil Action No 1:10-CV-01656 (W.D. La. Jan. 30, 2012); <u>Marino v. Martinez</u>, 2014 WL 5460613, Civil Action No. 1:12-00394 (S.D.W. Va. Oct. 27, 2014). None of these have been successful and most courts have found that petitioner's petitions actually seek relief offered under § 2255, rather than § 2241.

On December 19, 2013, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. (Doc. No. 1). Throughout his petition and memorandum in support, petitioner repeatedly argues that he is actually innocent of the crimes of which he was convicted. (Doc. Nos. 1 and 2). Magistrate Judge Tinsley concluded in the PF&R that petitioner's claims challenged the validity of his convictions and sentences, rather than the execution of his sentence and, as such, he sought relief under § 2255, rather than § 2241. (Doc. No. 27 at 5-7). The Magistrate

3

Judge further found that petitioner could not use the savings clause in § 2255(e) to permit review of his claims under § 2241. <u>Id.</u> at 6-7. As a result, the Magistrate Judge recommended denial of petitioner's petition. <u>Id.</u> at 7.

## II. **Petitioner's Objections**

Petitioner filed a number of documents objecting to the PF&R, but very little of the arguments contained within these filings actually relates to the Magistrate Judge's conclusion that petitioner failed to demonstrate that his remedy under § 2255 was inadequate or ineffective.[2] Petitioner argues that the savings clause of § 2255(e) "is confined to instances of actual innocence," and that he should be permitted to assert his innocence through a § 2241 petition. (Doc. No. 30 at 2-5). However, petitioner fails to acknowledge that he must first demonstrate that his remedy under § 2255 is either inadequate or ineffective.

As explained in the PF&R, a petitioner's remedy under § 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the

---

[2] The court notes that petitioner filed two separate documents objecting to the PF&R. These two documents total approximately fifty-five pages, yet petitioner did not file a motion to exceed the standard page length restrictions found in Local Rule of Civil Procedure 7.1(a)(2).

4

>   petitioner was convicted is deemed not to be criminal;
>   and (3) the prisoner cannot satisfy the gatekeeping
>   provisions of
>   § 2255 because the new rule is not one of
>   constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Only after demonstrating the existence of these three factors can a petitioner use § 2241 to address those issues typically addressed in a § 2255 motion.

But petitioner's objections do little to address this critical finding of the PF&R. Petitioner states that he "is asserting that there has been an intervening change in substantive law that has established his actual innocence of the underlying conviction depicted in Count: [sic] One: RICO & Count Two: RICO conspiracy & that Marino has demonstrate [sic] that section 2255 is inadequate or ineffective to test the legality of Marino's detention and, thus, his claims are proper for consideration under 28 U.S.C. § 2241." (Doc. No. 30 at 4). However, petitioner does not describe this intervening change in substantive law nor does he argue that this new rule is not one of constitutional law. He has not demonstrated in either his initial filing or his objections to the PF&R that the relief under § 2255 is inadequate or ineffective. His petition is plainly one that challenges the validity of his conviction, rather than its execution and petitioner has not demonstrated that he can avail himself of the savings clause in § 2255(e). As

a result, the court must overrule his objections and deny his petition.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly the court **DENIES** a certificate of appealability.

### III. Conclusion

For the reasons stated above, the court **ADOPTS** the factual and legal analysis contained within the PF&R, **DENIES** petitioner's petition for a writ of habeas corpus, (Doc. No. 1), and **DIRECTS** the Clerk to remove this case from the court's docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

It is **SO ORDERED** this 6th day of March, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge